UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SIUM AMANIEL** | : | **DOCKET NO. 20-cv-1488** |
| #A215-817-554 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL J. MANUEL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Sium Amaniel. At the time of filing on November 19, 2020, Petitioner was an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He was detained at the Allen Parish Jail in Oberlin, Louisiana. Petitioner challenged his continued detention pending removal.

This Court has been notified by the United States Attorney's Office that the Petitioner was released under order of supervision on February 12, 2021. The release from custody renders Amaniel's Petition for Writ of Habeas Corpus moot, as petitioner has demanded only his immediate release through these proceedings. See *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) ("[A] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").

For the foregoing reasons, **IT IS RECOMMENDED** that Amaniel's habeas petition be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental

objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE